IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV75-03-MU

| | |
|---|---|
| BILLY RAY LOCKLEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| BOYD BENNETT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before this Court on its own motion. Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. §1983 on March 29, 2010. (Doc. No. 1). By Order dated April 19, 2010, this Court dismissed Plaintiff's Complaint without prejudice for failure to exhaust his administrative remedies, (Doc. No. 7), and Plaintiff appealed. By Order dated February 2, 2011, the Fourth Circuit Court of Appeals vacated this Court's Order and remanded the case for further proceedings based on the fact that Plaintiff represented that he had not fully exhausted only one of his claims. (Doc. No. 15). In response, on March 3, 2011, this Court directed Plaintiff to delineate and list his specific claims in his Complaint, as they were far from clear, and also directed Plaintiff to identify which one of his claims contained in his Complaint is not fully exhausted. (Doc. No. 18). The Court directed that Plaintiff comply with the Court's Order within twenty (20 days). On March 16, 2011. Plaintiff filed a Motion for the Appointment of Counsel. (Doc. No. 20). The Court denied Plaintiff's motion and specifically reminded Plaintiff that pursuant to this Court's March 3, 2011, he is required to identify which one of the claims in his Complaint was not exhausted. (Doc. No. 21). Plaintiff filed a Notice of Appeal of this

1

Court's Order denying him counsel, but failed to file a document responsive to the Court's March 3, 2011 and March 23, 2011 Orders. Therefore, this Court dismisses this action for failure to obey a court order pursuant to Federal Rule of Civil Procedure 41(b).

A district court may dismiss an action for failure to comply with court orders. Fed.R.Civ.P. 41(b); Nat'l Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642-43 (1976); Heyman v. M.L. Mkt'g Co., 116 F.3d 91, 96 (4th Cir. 1997); Ballard v, Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Because dismissal is a severe sanction, it should not be invoked lightly. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). Four factors should be considered in determining whether a Rule 41(b) dismissal is appropriate: (1) the degree of plaintiff's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of resulting prejudice suffered by the defendant; and (4) the existence of less drastic sanctions. See Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990); Ballard, 882 F.2d at 95-96. The Fourth Circuit has noted, however, that the four factors are not a rigid four-prong test and the determination of whether dismissal is appropriate depends on the particular circumstances of the case. Ballard, 882 F.2d at 95. In Ballad, the fact that the court had explicitly warned that a recommendation of dismissal would result from failure to obey the courts order was a critical factor noting that "[i]n view of the warning, the [court] had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse. Id.

Here, Plaintiff has not responded to two of this Court's Orders directing that he file a document indicating which of his claims is not exhausted and he has been specifically warned that failure to comply with the Court's Order may result in dismissal. (Doc. Nos. 18 and 21). There is no indication that Plaintiff did not receive the Court's Order. In fact, it is clear he did

receive the March 23, 2011 Order because Plaintiff appealed that Order to the Fourth Circuit Court of Appeals. Therefore, Plaintiff's degree of personal responsibility is great. Next, while there is not a protracted history of deliberately proceeding in a dilatory fashion, Plaintiff was ordered to comply with the Court's March 3, 2011 Order and was again reminded of his responsibility of responding to the Court March 3, 2011 Order in the Court's March 23, 2011 Order. Plaintiff did not respond to this Court, but was able to file a Notice of Appeal of this Court's Order in the Fourth Circuit Court of Appeals. Plaintiff was specifically warned on two occasions that failure to comply with this Court's Order may result in dismissal of his case. (Doc. Nos. 18 and 21). Therefore, while Plaintiff may not have a long history of deliberately proceeding in a dilatory manner, he does have some history of doing so. Next, regarding the amount of prejudice to the Defendants, until the Plaintiff responds to the Court's Order and identifies his claims and specifically identifies the claim that has not been exhausted, the case is at a stand still and cannot proceed which is prejudicial to the Defendants. Finally, while a less drastic sanction may be available, Plaintiff has already been specifically warned on two separate occasions that his case may be dismissed for failure to comply with this Court's Orders and he has still not complied. "[D]istrict courts must be allowed sufficient disciplinary authority to control their dockets. Without the ability to exact significant penalties when parties ignore court orders, district courts would be left with nothing but hollow threats of dismissal." Heyman v. M.L. Marketing Co., 116 F.3d 91, 96 (4th Cir. 1997).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is dismissed for failure to obey a court order. Fed. R. Civ. P. 41(b).

**SO ORDERED**.

Signed: June 1, 2011

Graham C. Mullen
United States District Judge